IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PRISCILLA TOOMER | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 06-3880 |
| | : | |
| MICHAEL J. ASTRUE,[1] | : | |
| Commissioner of Social Security | : | |

**MEMORANDUM**

LOWELL A. REED, Jr., Sr. J                                                                                    August 2, 2007

Upon consideration of the brief in support of review filed by plaintiff,[2] defendant's response and plaintiff's reply thereto (Doc. Nos. 9, 12, and 13), the court makes the following findings and conclusions:

      1.     On October 7, 1998, Priscilla Toomer ("Toomer"), filed for supplemental security income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. § 1381-1383f. (Tr. 180-82). After Toomer's claim was denied twice, an ALJ held a administrative hearing on the matter on April 28, 2000 and subsequently rendered a partially favorable decision on August 4, 2000. (Tr. 12-37; 39-153; 157-60; 162-64). Specifically, the ALJ concluded that Toomer was disabled due to a back impairment and depression, not otherwise specified, since April 1, 2000 (when she was deemed to have attained age 50) but was not disabled from October 7, 1998 through March 31, 2000. (Tr. 483 ¶ 1; 492 ¶¶ 2-3; 493 Findings 9-10, 494 Findings 11-12).[3] Toomer appealed the decision to the U.S. district court where, pursuant to an October 18, 2005 report and recommendation of a U.S. magistrate judge, and the order adopting it by the district court, her case was remanded for another hearing. (Tr. 510-35). The ALJ held a second hearing on May 9, 2006 and entered a second decision on May 17, 2006 re-adopting his initial decision and again denying benefits during the closed period. (Tr. 429-76). On September 8, 2006, after the Appeals Council denied her request for review, Toomer filed her complaint in this court seeking review of the ALJ's latest decision pursuant to 42 U.S.C. § 405(g).

---

    [1] On February 12, 2007, Michael J. Astrue became the Commissioner of Social Security. Pursuant to Federal Rule of Civil Procedure 25(d)(1), Michael J. Astrue has been substituted for former Commissioner Jo Anne Barnhart as the defendant in this lawsuit.

    [2] Although erroneously filed as a motion for summary judgment, I will consider Toomer's submission to be a brief in support of review pursuant to the procedural order entered in this case. (Doc. No. 5). Toomer even referenced the new procedural order in her brief, so it is indeed perplexing that she disregarded its directives. See (Doc. No. 9, pg. 6).

    [3] All numbered paragraph references to the ALJ's decision begin with the first full paragraph on each page.

2.       The Court has plenary review of legal issues, but reviews the ALJ's factual findings to determine whether they are supported by substantial evidence. Schaudeck v. Comm'r of Soc. Sec., 181 F.3d 429, 431 (3d. Cir. 1999) (citing 42 U.S.C. § 405(g)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consol. Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)); see also Dobrowolsky v. Califano, 606 F.2d 403, 406 (3d Cir. 1979). It is more than a mere scintilla but may be less than a preponderance. See Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988). If the conclusion of the ALJ is supported by substantial evidence, this court may not set aside the Commissioner's decision even if it would have decided the factual inquiry differently. Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999); see 42 U.S.C. § 405(g).

3.       This case must once again be remanded due to a legal error by the ALJ. Specifically, the ALJ failed to either incorporate into the RFC and hypothetical question all of Toomer's limitations or has failed to explain why these work-related limitations were not included in the RFC. Chrupcala v. Heckler, 829 F.2d 1269, 1276 (3d Cir. 1987) (providing that "A hypothetical question must reflect all of a claimant's impairments that are supported by the record"); S.S.R. 96-8p (providing that "The RFC assessment must address both the remaining exertional and nonexertional capacities of the individual"). The ALJ found the February 11, 2000 physical RFC assessment provided by Toomer's treating physician, Terrence Curley, D.O. ("Dr. Curley") to be controlling. (Tr. 489 ¶ 1; see 331-333). This RFC assessment contains, *inter alia*, limitations on postural activities and physical functions and environmental restrictions. (Tr. 333). However, both in the initial decision and in the current decision, the hypothetical question relied on by the ALJ (referred to as hypothetical question III) specifically provides that there are "no postural, manipulative, ocular or environmental limitations." (Tr. 491 ¶ 1; 436 ¶1; see also 465-67). This discrepancy was also raised in the October 18, 2006 report and recommendation, but was not clarified by the ALJ on remand. (Tr. 530-532) (recommending that the ALJ re-evaluate the hypothetical questions posed to the VE, and make clear what exertional and nonexertional limitations were included in the RFC assessment). Instead, on remand the ALJ merely stated that he was again finding that Toomer's RFC "conformed to the limitations in hypothetical question III."[4] It is quite clear, that the ALJ did not mistakenly neglect to add these limitations into hypothetical question III because in both the first hearing and decision and the second hearing and decision, he specifically excluded these limitations in hypothetical question III but set them out in detail in hypothetical question IV, which he ultimately did not accept. (Tr. 143-50; 436 ¶ 1; 461-69; 491 ¶ 1). It is equally clear that these limitations, found in a controlling assessment, must be incorporated into the RFC and

---

[4] On a related note, originally, the ALJ had found, as part of hypothetical question III upon which he relied, that a sit/stand option was required. (Tr. 491 ¶ 1). However, in the second decision, the ALJ stated that he was "again" relying on "hypothetical question III (a sedentary functional capacity *without the sit/stand option*)." (Tr. 436 ¶ 1) (emphasis added). One may presume from the second hearing testimony and from the context of the statement in the decision that the ALJ actually meant "with the sit/stand option." This should, however, most definitely be clarified by the ALJ on remand.

hypothetical or the ALJ should explain why they are not significant and should not be included therein.  See Chrupcala, 829 F.2d at 1276; S.S.R. 96-8p.  Defendant's response to this issue is that:

> as discussed in the first ALJ opinion, the ALJ did not find postural limitations to be supported by evidentiary weight.  Thus, the ALJ did not misstate Dr. Curley's assessed limitations upon which he relied.  Rather, he did not included them in his RFC assessment or adopted hypothetical question because he did not find them to be supported by substantial evidence.

 (Doc. No. 12, pg. 10).  It is noteworthy that defendant does not provide a citation to the original ALJ decision where such a finding was made, as none exists.  In fact, if the ALJ made such a conclusion, he did not document it in either decision.  The ALJ's failure to properly deal with the limitations in Dr. Curley's RFC assessment is legal error necessitating a remand.

        4.      I will briefly address Toomer's other arguments as they are not meritorious.
        a.      First, Toomer argues that the ALJ failed to follow the mandate found in the report and recommendation to clarify whether the sit/stand option in the RFC and hypothetical was consistent with Dr. Curley's requirement for frequent position changes. (Tr. 530).  In Dr. Curley's controlling RFC assessment, he stated, *inter alia*, that Toomer could stand and walk three to four hours total in an eight hour day for one-half to one hour at a time and sit three to four hours total in an eight hour day for one to two hours at a time.  (Tr. 332).  Under the sitting finding, Dr. Curley wrote that Toomer needed frequent changes in position to relieve symptoms of back and neck stiffness.  (Id.).  On remand the ALJ explained that:

> While it is true that Dr. Curley handwrote under the SITTING section of the [RFC] form in Exhibit B12F that [Toomer] required "frequent" changes of position, he also noted under the STANDING/WALKING section that she could do this for 1/2-1 hour at a time.  Thus, I believe that mandating the sit/stand option every 30-60 minutes is congruent with "frequent" changes of position in general.

(Tr. 433 ¶ 1).  Also, when reviewing the RFC assessment, it appears that Dr. Curly's statement regarding frequent changes in position is a reason for the standing, walking and sitting restrictions rather than an additional requirement.  (Tr. 332).  Therefore, the ALJ properly followed the requirements of the report and recommendation and his explanation is reasonable.

        b.      Second, Toomer contends that the ALJ failed to properly define the meaning of moderate in discussing psychiatric limitations, as required by the report and recommendation.  (Tr. 528-29).  However, the ALJ was quite clear about his definition of this

term on remand and provided copies of the appropriate mental RFC form to counsel and the VE so that everyone would be clear as to the 20 items considered. (Tr. 434 ¶ 5; 456-57; 461-62). Thus, Toomer's argument must fail.

        c.      Third, Toomer alleges that on remand, the ALJ failed to properly analyze whether she met the C criteria for listing 12.04. On the contrary, after considering the evidence for a second time and identifying and re-evaluating the criteria found in listing 12.04, the ALJ found that no C criteria were present during the relevant period. (Tr. 433 ¶ 5 - 434 ¶ 1). Thus, the ALJ adequately addressed step three of the sequential evaluation process. Moreover, unlike in Reynolds v. Barnhart, No 03-2397, 2005 WL 994620 (E.D. Pa. April 27, 2005), cited by Toomer, the ALJ in this case did assess Toomer's depression under the current version of listing 12.04. (Tr. 433 ¶ 5 - 434 ¶ 1). Finally, I note that Toomer does not attempt to proffer any evidence showing she meets any of the C criteria, other than to cite amorphously to "the voluminous evidence." (Doc. No. 9, pg. 23). Therefore, there is no indication that the ALJ failed in his duty to analyze whether Toomer met or equaled a listing, including the C criteria of listing 12.04.

        5.      As a result of legal error, this case must be remanded in order for the ALJ to supplement his findings in a manner consistent with this opinion.

        An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PRISCILLA TOOMER | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 06-3880 |
| | : | |
| MICHAEL J. ASTRUE, | : | |
| Commissioner of Social Security | : | |

## ORDER

AND NOW, this 2nd day of August, 2007, upon consideration of the brief in support of review filed by plaintiff, defendant's response and plaintiff's reply thereto (Doc. Nos. 9, 12, and 13) and having found after careful and independent consideration of the record that the Commissioner did not apply the correct legal standards, it is concluded that the action must be remanded to the Commissioner under sentence four of 42 U.S.C. § 405(g).  Therefore, for the reasons set forth in the memorandum above, it is hereby **ORDERED** that:

1. **JUDGMENT IS ENTERED IN FAVOR OF THE PLAINTIFF, REVERSING THE DECISION OF THE COMMISSIONER OF SOCIAL SECURITY** for the purposes of this remand only and the relief sought by Plaintiff is **GRANTED** to the extent that the matter is **REMANDED** for further proceedings consistent with this adjudication; and

2. The Clerk of Court is hereby directed to mark this case closed.


      Lowell A. Reed, Jr.
      LOWELL A. REED, JR., Sr. J.